IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**AGAFYA SNEGIREV**, individually and as co-trustee of the Yakov Ovchinnikov Trust, et al,

   Plaintiffs,

  v.

**VICTOR OVCHINNIKOV**, individually and as co-trustee of the Yakov Ovchinnikov Trust, et al.,

   Defendants.

Civ. No. 6:16-cv-02132-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

  Plaintiff Agafya Snegirev and Defendant Victor Ovchinnikov are co-trustees of a family Trust which had contained a parcel of real property before Victor conveyed the Property from the Trust to himself and then from himself to his wife, Defendant Penny Ovchinnikov. No consideration was paid for the conveyances. Because there are federal tax liens and judgments

1 – OPINION AND ORDER

for debts owed by Defendants Victor and Penny Ovchinnikov, when Victor transferred the Property into his name individually those liens and judgments attached to the Property.

Plaintiffs bring this suit to set aside the conveyances and have the Property returned to the Trust. Plaintiffs assert three claims: (1) breach of Fiduciary Duty; (2) to Set Aside Conveyance; and (3) for Quiet Title against defendants Victor Ovchinnikov, Fred Ovchinnikov, Penny Ovchinnikov, and United States of America. Before this Court is Plaintiffs' motion for summary judgment on those three claims. Pl.s' MSJ, ECF No. 45.

Defendant Fred Ovchinnikov responds with a Motion for Order (ECF No. 17) and Motion for Summary Judgment (ECF No. 48). Fred argues he is the valid owner of parcel 3 of the Property in that he is the original purchaser of the property, and only through a serious of unauthorized transfers did the property become an asset of the Trust before being transferred to Victor and then to Penny.

United States of America has expressed an interest in preserving the amount and validity of its tax liens against Victor, but otherwise does not take a position on Plaintiffs' claims. USA's Resp. 2-3, ECF No. 51. If the Property is held by Victor or Penny Ovchinnikov, then the federal tax liens against Victor encumber the entire property. *Id*. If the property is held by the Trust, then the tax liens encumber only Victor's beneficiary interest share of the property. *Id*.

Because Victor as a co-trustee conveyed the Property from the Trust to himself individually without any consideration, Victor acted contrary to the beneficiaries' interest, breached his fiduciary duty, and is ordered removed as co-trustee of the Trust. Because the two July 30, 2013 conveyances were without any consideration, the two conveyances are set aside. The Property is deemed to be an asset of the Trust. Because the two conveyances are set aside, the United States of America's tax liens and judgments attached only to Victor's fractional

beneficiary interest. Plaintiffs' Motion for Summary Judgment (ECF No. 45) is GRANTED. Defendant Fred Ovchinnikov's Motion for Order (ECF No. 17) and Motion for Summary Judgment (ECF No. 48) are DENIED.

## PROCEDURAL BACKGROUND

This action was original filed in the Circuit Court of Marion County, Oregon, where the Property at issue is located. Defendant United States removed this case to the U.S. District Court of Oregon pursuant to 28 U.S.C. § 1444.

Entry of Default has been entered against Defendant Midland Funding LLC and Defendant Christopher Vandaam for failure to answer or otherwise appear. Entry of Default was entered against the State of Oregon with consent from the state with the understanding that a money judgment against the State of Oregon is prohibited under ORS 30.360(3). *See* Order, ECF No. 34 and Order, ECF No. 44.

## FACTUAL BACKGROUND

Plaintiffs Agafya Snegirev, Kathy Efimov, Julie Ovchinnikov, and Tina Cesce, and Defendants Victor Ovchinnikov and Fred Ovchinnikov are siblings and the adult children of Yakov Ovchinnikov ("Yakov") and Irina Ovchinnikov ("Irina). Declaration of Agafya Snegirev ("Snegirev Decl.") ¶ 2, ECF No.46.

In September 1997, Yakov created the Yakov Ovchinnikov Trust ("the Trust") where he was the sole Trustee of the Trust during his lifetime. Sengirev Decl. ¶ 3 & Ex. 1, ECF No. 46; Pollock Decl. Ex. 10, Victor Ovchinnikov Depo, 7:24-8:1, ECF No. 47. Yakov then conveyed into the Trust title to the parcel of real property:

> Parcel 3 of Partition Plan No. 95-67, recorded in Reel 1244, Page 574, Marion County Microfilm Records, together with a thirty (30) foot private access as delineated on said partition plat.

(the "Property") Snegirev Decl. Ex. 2, ECF No. 46.

3 – OPINION AND ORDER

Yakov died three days later on September 8, 1997. Snegirev Decl. ¶ 5, ECF No. 46. Upon Yakiov's death, his widowed wife Irina became the sole Trustee of the Trust. Snegirev Decl. ¶ 5 & Ex. 1 p. 12, ECF No. 46.

Then in January 2012 Irina died. Snegirev Decl. ¶ 5, ECF No. 46. Following Irina's death, the two siblings Plaintiff Agafya Snegirev ("Agafya") and Defendant Victor Ovchinnikov ("Victor") became co-trustees of the Trust. Snegirev Decl. ¶ 6 & Ex. 1 p. 12, ECF No. 46. The Trust provided that following the deaths of Yakov and Irina, the Family Trust shall be divided into equal shares, one share for each of the six siblings who is then surviving and one share, by right of representation, for the surviving lineal descendants of each deceased sibling. Snegirev Decl. Ex. 1 p. 8, sec. B 3, ECF No. 46.

## A. Fred sues Agafya and Victor in state court

In April 2012, Defendant Fred Ovchinnikov ("Fred") and his wife Vassa Ovchinnikov ("Vassa") filed a lawsuit[1] in state court against Fred's five siblings to include Agafya and Victor. Snegirev Decl. ¶ 8 & Ex.'s 3 and 4; ECF No. 46. Agafya and Victor were sued individually and in their capacities as co-trustees of the Trust. Snegirev Decl. Ex. 4; ECF No. 46.

At trial Fred sought quiet title in the Property against his siblings. Decl. Ex. 4, ECF No. 46. Fred and Vassa alleged that they had purchased the Property in around July 1994. *Id*. After purchasing the Property, Fred and Vassa had the Property partitioned from two tax parcels into three parcels. *Id*. Parcel 1 was the residence; Parcel 2 included the septic system for the residence; and Parcel 3 was surrounding farm land. *Id*. Fred alleged that in 1995 he believed he had a drinking problem and consequently, asked his father Yakov to receive and hold title to all

---

[1] *Fred Ovchinnikov, et al. v. Agafya Snegirev, et al.*, Case No. 12-C14634, Marion County Circuit Court, State of Oregon.

three parcels for the benefit of Fred and Fred's family. *Id*. Yakov allegedly agreed to hold title and to return ownership when Yakov passed away. *Id*.

On September 5, 1997, three days before Yakov's death and unbeknownst to Fred and Vassa, Yakov had transferred Parcel 3 of the Property into the Trust. *Id*. After Yakov's death, Fred's mother Irina transferred Parcels 1 and 2 of the Property back to Fred and Vassa, but she did not transfer Parcel 3 which stayed in the Trust. Irina passed away in January 2012. *Id*. Agafya and Victor, as defendants in that state lawsuit, contended that because Parcel 3 is titled in the Trust's name, Parcel 3 was a valid asset of the Trust. *Id*.

### i. Findings of Fact and Conclusions of Law

Trial in the state suit occurred on May 22, 2015 with all siblings either in attendance or present through their attorney of record. Snegirev Decl. Ex. 5, ECF No. 46. The state court found that Fred and Vassa had contributed a significant share of the outstanding contract balance to complete the purchase of the Property, but that the family's financial relationship—both generally and specifically to the Property—were "opaque and muddled at least in part deliberately so." *Id*. ¶ 2.

The original sellers conveyed title of the entire Property to Fred and Vassa on August 11, 1995. Snegirev Decl. Ex. 5, ECF No. 46. On August 21, 1995, Fred and Vassa convoyed Parcel 2 and Parcel 3 to Yakov and Irina. *Id*. Based on the evidence at trial, the Court found that the conveyance of Parcel 3 was meant to be treated as "a sort of family farm" demonstrated by the fact that family members individually planted on the land, and each treated as owning what they individually planted and grew. *Id*. ¶ 6. The court dismissed Fred and Vassa's suit for quiet title. Snegirev Decl. Ex. 6, General Judgment, ECF No. 46.

### B. Victor transfers the Property from the Trust to himself and then to his wife

5 – OPINION AND ORDER

On or about June 30, 2013, Victor, in his capacity as the co-trustee of the Trust, executed and then recorded a Quitclaim Deed in which he conveyed the Property from the Trust to himself as an individual. Pollock Decl. Ex. 10, Victor Depo. 11:8-12:1, ECF No. 47. Victor testified at his deposition that he conveyed the Property to himself out of concerns with the litigation brought by Fred and Vassa. *Id*. Victor Depo. 12:16-23. Victor did not pay any consideration to the Trust for the conveyance of the Property. *Id*. Victor Depo. 17:13-18:17. The same day Victor then executed and recorded a Warranty Deed in which he conveyed the Property from himself individually to his wife, Defendant Penny Ovchinnikov ("Penny"). *Id*. Victor Depo. 13:7-17. Penny did not pay any consideration for the conveyance of the Property to her. Pollock Decl. Ex. 8, Penny Depo. 10:21-11:9, ECF No. 47. Penny is not a beneficiary of the Trust. Snegirev Decl. ¶ 11; ECF No. 46. Agafya, the other co-trustee of the Trust, did not have any knowledge of these conveyances and did not authorize either conveyance in her capacity as a co-trustee of the Trust. *Id*. ¶ 12. Victor and Penny have not returned the Property to the Trust. *Id*. ¶ 13.

### C. Unpaid tax liens attach to the Property

At the time that Victor deeded the Property to himself, he has a number of judgments recorded against him to include federal tax liens against him. Pollock Decl. Ex. 10, Victor Depo. 14:5-15:2, ECF No. 47. The federal tax liens and judgments have attached to the Property as a result of the July 30, 2013 conveyances. Snegirev Decl. ¶ 14, ECF No. 46; Pollock Decl. Ex. 9, ECF No. 47. The liens are for debts and obligations belonging to Victor and Penny, and not the Trust. Pollock Decl. Ex. 9 & Ex. 10, Victor Depo. 14:5-15:2, ECF No. 47.

## STANDARD OF REVIEW

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is

"genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Plaintiffs allege that Defendant Victor Ovchinnikov abused his authority as a co-trustee of the trust by conveying the Property from the trust to himself individually, and then to his wife. The First Claim for Relief is for Breach of Fiduciary Duty under Oregon's Uniform Trust Code.

### A. Oregon's Uniform Trust Code

Oregon's Uniform Trust Code sets forth the duties that a trustee or co-trustee owes a trust and its beneficiaries. ORS 130.650 *et seq*. A trustee has a duty to "administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with [the Oregon Uniform Trust Code]." ORS 130.650. A trustee is required to administer a trust "solely in the interests of the beneficiaries of the trust." ORS 130.655(1).

Where a trustee violates their duty and is in breach of trust, the law provides a list of remedies for which a court may impose. ORS 130.800. Remedies include a court's authority to remove a trustee. ORS 130.800(2)(g). A trustee may be removed if the court finds that a trustee has committed a serious breach of trust or if the removal best serves the interests of all the

beneficiaries, and if there has been a substantial change of circumstances, a suitable co-trustee is available, and the trustee to be removed fails to establish by clear and convincing evidence that removal is inconsistent with a material purpose of the trust. ORS 130.625(2).

As a co-trustee, Victor owed a fiduciary duty to the beneficiaries of the Trust, whom each are entitled to a distribution of equal shares pursuant to the terms of the Trust. By conveying the Property out of the Trust without paying any consideration into the Trust, Victor has deprived the beneficiaries of property for which they are entitled. Because Victor has committed a serious breach of trust by depriving the Trust beneficiaries of valued property, Victor is in breach of his fiduciary duty. Plaintiffs' motion for summary judgment as to claim one is GRANTED. Because Victor's removal as a co-trustee will best serve the interests of all beneficiaries, Victor Ovchinnikov is ordered removed as co-trustee. Agafya Snegirev is available to continue to serve as the trustee. There is no evidence that Victor's removal would be inconsistent with the any material purpose of the Trust.

### B. Setting Aside the Conveyances

Plaintiffs' Second Claim for Relief is to set aside the conveyances. Under Oregon law, a deed can be set aside where no consideration has been given for the deed. *Ward Cook, Inc. v. Davenport*, 243 Or. 301, 312 (1966). The record is clear that neither Victor nor Penny paid any consideration for the conveyances of the Property. Because consideration was not paid for either the July 30, 2013 Quitclaim Deed or the July 30, 2013 Warranty Deed, both are ordered set aside. Plaintiffs' Motion for Summary Judgment as to claim two is GRANTED. Under ORS 130.800(2), the trustee is ordered to take such steps as to restore the Property to the Trust. Any liens there may be shall attach only to Victor's interest in the Property as one of beneficiaries of the Trust.

### C. Quiet Title

Plaintiffs' final claim is for quiet title against Defendants Victor Ovchinnikov, Penny Ovchinnikov, Fred Ovchinnikov, and United State of America. An action for quiet title is to resolve a dispute relating to adverse or conflicting claims to real property. *Spears v. Dizick*, 235 Or. App. 594, 597 (2010). To prevail on a quiet title claim, the plaintiff must establish that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of the defendants. *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005). Evidence of ownership must be based on the strength of the plaintiff's own title and not on the weakness of the defendant's title. *Id.*; *Faw v. Larson*, 274 Or. 643, 646 (1984).

Yakov Ovchinnikov convoyed the Property into the Trust on September 5, 1997. The Property remained in the Trust until Victor breached his fiduciary duties as a co-trustee by conveying the Property out of the Trust and without consideration. Plaintiffs as beneficiaries have a substantial interest in the Property. With the setting aside of the July 30, 2013 conveyances, Penny does not have any interest in the Property. Victor's only interest in his share as a beneficiary of the trust, which is the same interest his siblings have.

Fred Ovchinnikov has moved for quiet title and adverse possession. Fred's motion however raises the same claim and argument that he pursued in the earlier lawsuit that he filed in state court. The doctrine of claim preclusion prohibits a party from re-litigating a cause of action against the same opposing party involving the same factual transaction as was litigated or in the previous adjudication, if there has been a final judgment in the first action. *Krisor v. Lake Cnty. Fair Bd.*, 256 Or. App. 190, 193, *rev. denied*, 354 Or. 61 (2013). Under claim preclusion it is enough that an issue that could have been raised, even if that issue was not actually raised, in the earlier proceeding. *Bloomfield v. Weakland*, 193 Or. App. 784, 792-93 (2004). This court must

apply Oregon law in determining the preclusive effect of judgments rendered by Oregon state courts. *Hiser v. Franklin*, 94 F.34 1287, 1290 (9th Cir. 1996). The state circuit court has previously adjudicated Fred's claims and found in a final judgment that Fred did not have a superior title in the Property to the Trust. Snegirev Decl. Ex. 5 Order Incorporating Findings of Fact and Conclusions of Law & Ex. 6, General Judgment, ECF No. 46. Fred cannot now re-litigate those claims. Fred's interest is the same as the interests of his siblings as beneficiaries fo the Trust.

Because the United States of America's liens and judgments are against Victor individually, United States' interest in the Property is limited to Victor's beneficiary interest in the Trust.

## **CONCLUSION**

Plaintiffs' Motion for Summary Judgment (ECF No. 45) is GRANTED. Defendant Fred Ovchinnikov's Motion for Order (ECF No. 17) and Motion for Summary Judgment (ECF No. 48) are DENIED. Because Victor breached his fiduciary duty, Victor is removed as co-trustee of the Trust. Because the two July 30, 2013 conveyances were without any consideration, the two conveyances are set aside. The Property is an asset of the Trust. Because the Property is an asset of the Trust, the United States of America's tax liens and judgments attached only to Victor's fractional beneficiary interest.

IT IS SO ORDERED.

Dated this 10th day of August, 2017.

                 _____/s/Michael J. McShane_____
                     Michael J. McShane
                     United States District Judge